**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| JEREMY A. COLLIER,<br><br>  Plaintiff,<br>vs.<br><br>BOGGS PROPERTIES, L.L.C. d/b/a SULLY'S IRISH PUB, AMY S. BOGGS, in her personal capacity, and WILLIAM F. BOGGS, JR., in his personal capacity,<br><br>  Defendants. | CASE NO.: 4:19-cv-00378<br><br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

**COMES NOW** Plaintiff, Jeremy A. Collier, by and through his counsel, and brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, against Defendants Boggs Properties, L.L.C. d/b/a Sully's Irish Pub, Amy S. Boggs, in her personal capacity, and William F. Boggs, Jr. in his personal capacity, and states as follows:

## NATURE OF THE ACTION

1. This action arises out of Defendants' failure to pay Plaintiff overtime wages for all hours he worked in excess of forty hours each week. This action also arises out of Defendants' wrongful classification of Plaintiff as exempt from the overtime compensation requirements of the FLSA.

2. Beginning in September of 2014, Plaintiff was employed as a bartender at Boggs Properties, L.L.C. d/b/a Sully's Irish Pub ("Sully's") in Des Moines, Iowa. He continued to work at Sully's until March of 2019. Beginning in July of 2016, Plaintiff was also a manager at Sully's.

3. Sully's is owned and operated by Defendant Boggs Properties, L.L.C. Defendant Boggs Properties, L.L.C. is owned by Defendant Amy S. Boggs ("Amy") and Defendant

William F. Boggs, Jr. ("William"). Defendants Amy and William are actively involved in the management and operation of Sully's.

4.     During Plaintiff's employment, he regularly – if not always – worked in excess of forty hours each week: typically working sixty hours each week. Approximately ninety percent of the time, he worked as a bartender. The remaining time was spent as a manager.

5.     For an employer to exempt an employee from the overtime compensation requirements of the FLSA, Defendants must strictly and affirmatively establish both that the employee performed duties which meet one of the categories for exemption, and that the employee is compensated on either a "salary" basis or a "fee" basis. Defendants cannot satisfy this burden.

6.     Between September of 2014 and March of 2019, Defendants failed to compensate Plaintiff for all overtime wages earned.

7.     Therefore, Defendants are liable for their failure to pay Plaintiff for the time he worked in excess of forty hours a week at one and one-half times his regular rate.

## JURISDICTION AND VENUE

8.     Plaintiff incorporates the above paragraphs as if fully set out herein.

9.     This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

10.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants operate Sully's within this District, and because a substantial part of the events and omissions

giving rise to the claims plead in this Complaint occurred within this District.

## PARTIES

12. Plaintiff incorporates the above paragraphs as if fully set out herein.

13. At all relevant times, Plaintiff Jeremy A. Collier is a resident of Des Moines, Polk County, Iowa. Plaintiff worked for Defendant Sully's during the applicable statute of limitations period and was paid on an hourly basis.

14. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

15. Defendant Boggs Properties, L.L.C., was and is an Iowa Limited Liability Company operating Sully's Irish Bar in Des Moines, Polk County, Iowa.

16. At all relevant times, Defendants Amy S. Boggs and William F. Boggs, Jr. were and are residents of Polk County, Iowa. Defendants Amy and William own and operate Sully's. They authorized and implemented the policies and procedures that violated the FLSA.

17. At all relevant times, Defendants had authority and exerted operational control over the terms and conditions of Plaintiff's employment. This includes, but is not limited to:

    A. The authority to direct and supervise the work of employees, including Plaintiff;

    B. The authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiff as exempt, employee compensation, and capital expenditures; and

    C. The authority to make decisions regarding paying Plaintiff overtime compensation at one and one-half times his regular hourly rate for all hours worked in excess of forty hours per week.

18.     At all relevant times, Defendants acted and had the responsibility in devising, directing, implementing, and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiff an overtime premium as required by the FLSA.

19.     At all relevant times, Defendants have been and are "employers" as defined by the FLSA, 29 U.S.C § 203(d).

## FACTUAL ALLEGATIONS

20.     Plaintiff incorporates the above paragraphs as if fully set out herein.

21.     From September of 2014 to March of 2019, Defendants employed Plaintiff as a bartender and manager at Sully's.

22.     During that time period, he regularly – if not always – worked in excess of forty hours a week.

23.     Nonetheless, Plaintiff was not compensated at one and one-half times his regular rate of pay for the hours he worked in excess of forty hours a week. Instead, Defendants paid Plaintiff a straight salary with no pay for overtime worked.

24.     Defendants misclassified Plaintiff as an exempt employee under the FLSA.

25.     Defendants permitted and instructed Plaintiff to work more than forty hours per week without overtime pay.

26.     Defendants were aware, or should have been aware, that Plaintiff performed non-exempt work that required payment of overtime compensation. For instance, because Defendants assigned Plaintiff his work and required him to work long hours to complete all of his job duties and responsibilities, Defendants knew that Plaintiff worked overtime hours.

27.     Defendants' violations of the FLSA are not due to mistake or neglect, but are willful

violations of their legal obligations to pay overtime compensation to Plaintiff. Defendants knew or should have known that they had misclassified Plaintiff as exempt.

28. Defendants knew or should have known that Plaintiff worked in excess of forty hours a week.

29. Defendants' conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

30. Plaintiff incorporates the above paragraphs as if fully set out herein.

31. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty hours per week.

32. Defendants willfully violated the FLSA by misclassifying Plaintiff as "exempt," and thereby failing and refusing to pay him the overtime compensation as required by the FLSA.

33. Plaintiff is not subject to any exemption.

34. As a result of Defendants' violations of the FLSA, Plaintiff has suffered and will continue to suffer a loss of income and other damages.

35. Defendants did not make a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

36. As a result of Defendants' unlawful acts, they are liable to Plaintiff for actual damages, liquidated damages, as well as reasonable attorneys' fees, costs, and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jeremy A. Collier, by and through his attorneys, respectfully requests judgment against the Defendants, and each of them, jointly and

severally, and in favor of the Plaintiff, for a sum that will properly, adequately and completely compensate him for the nature, extent, and duration of his damages, the costs of this action, and as follows:

    A.    Declare and find that the Defendants committed one or more of the following acts:

        i. Violated the overtime provisions of the FLSA by misclassifying Plaintiff;

        ii. Violated the overtime provisions of the FLSA by failing to pay Plaintiff for the hours he worked in excess of forty hours per week; and

        iii. Willfully violated the FLSA.

    B.    Award compensatory damages in the amount of one and one-half times Plaintiff's regular rate of pay for all time he worked in excess of forty hours per week under the FLSA;

    C.    Award interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

    D.    Award liquidated damages in an amount equal to the amount of unpaid overtime compensation due under the FLSA;

    E.    Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA; and

    F.    For such further relief as the Court deems just and equitable.

## JURY DEMAND

37.    Plaintiff hereby demands a trial by jury.

Dated:  November 25, 2019	Respectfully Submitted,

**/s/ J. Barton Goplerud**
**J. Barton Goplerud, Iowa Bar No.: AT0002983**
SHINDLER, ANDERSON, GOPLERUD &
WEESE, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265-5749
Telephone:	(515) 223-4567
Facsimile:	(515) 223-8887
Email:	goplerud@sagwlaw.com

**/s/ Brandon M. Bohlman**
**Brandon M. Bohlman, Iowa Bar No.: AT0011668**
SHINDLER, ANDERSON, GOPLERUD &
WEESE, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265-5749
Telephone:	(515) 223-4567
Facsimile:	(515) 223-8887
Email:	bohlman@sagwlaw.com

***ATTORNEYS FOR PLAINTIFF***